# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

**RONALD JONES,**

      **Plaintiff,**

vs.

**MORADA-HAUTE FURNITURE BOUTIQUE, LLC, a Florida Limited Liability Company; FERNAN HERNANDEZ, Individually; and HOLGER ODENSTEIN, Individually,**

      **Defendants.**         /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RONALD JONES ("Plaintiff"), hereby files this Complaint against Defendant, MORADA-HAUTE FURNITURE BOUTIQUE, LLC, a Florida Limited Liability Company ("MORADA"); FERNAN HERNANDEZ, Individually ("HERNANDEZ"); and HOLGER ODENSTEIN, Individually ("ODENSTEIN"), (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as Plaintiff's claims for unpaid wages are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover unpaid back wages, overtime wages, an additional equal amount in liquidated damages, front pay, and compensatory damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions in this Complaint

took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

## PARTIES

1. At all times material to this action, Plaintiff was a resident of Miami-Dade County, Florida.

2. At all times material to this action, MORADA was, and continues to be, a Florida Limited Liability Company engaged in business in Florida, with a principal place of business in Miami-Dade County, Florida.

3. Based on information and belief, at all times material hereto, Defendant HERNANDEZ was individual resident of the State of Florida, Miami-Dade County.

4. At all times material hereto, Defendant HERNANDEZ was, and continues to be co-founder/CEO/registered agent of MORADA.

5. Defendant HERNANDEZ managed the day-to-day operations of MORADA and regularly exercised the authority to: (a) hire and fire employees of MORADA, including authorizing the hire and fire of Plaintiff; (b) determine the work schedules for the employees of MORADA, including Plaintiff; and (c) control the finances and operations of MORADA.

6. Defendant HERNANDEZ is an individual employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of MORADA towards Plaintiff.

7. Based on information and belief, at all times material hereto, Defendant ODENSTEIN was individual resident of the State of Florida, Miami-Dade County.

8. At all times material hereto, Defendant ODENSTEIN was, and continues

to be co-founder of MORADA.

9. Defendant ODENSTEIN managed the day-to-day operations of MORADA and regularly exercised the authority to: (a) hire and fire employees of MORADA, including authorizing the hire and fire of Plaintiff; (b) determine the work schedules for the employees of MORADA, including Plaintiff; and (c) control the finances and operations of MORADA.

10. Defendant ODENSTEIN is an individual employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of MORADA towards Plaintiff.

11. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

13. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

14. At all times material to this action, Defendant MORADA was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

15. Based upon information and belief, the annual gross revenue of Defendant MORADA was in excess of $500,000.00 per annum during each of the three years prior to the filing of this Complaint.

16. At all times material to this action, Defendants had two (2) or more

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as sofas, tables, chairs/stools, benches, beds, and other furniture, as well as cash registers and computers used in the course of Defendants' business.

17. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

18. On or about March 30, 2018, Defendants hired Plaintiff to work as a full-time employee, working as a sales and design consultant. Plaintiff began working for Defendants shortly after his date of hire.

19. As per the contract that Defendant drafted related to Plaintiff's employment, Plaintiff's job duties required him to work "40h week [sic] from 10 a.m. to 7 pm from Monday to Saturday, excluding holidays and lunch breaks, based out of MORADA's premises located at 3701 Biscayne Boulevard, 33137 Miami and throughout the MORADA-Haute Furniture Boutique territory as more fully described herein. Ronald Jones shall devote his best efforts to the affairs of MORADA Haute Furniture Boutique and shall perform such duties as shall be directed by the supervisors and officers of MORADA-Haute Furniture Boutique."

20. As such, Plaintiff and Defendants had an agreement, in writing, that Plaintiff's his salary was designed only to cover the forty hours specified in his contract.

21. Plaintiff's salary was initially $3,300.00 per month. However, it was thereafter raised to $3,600.00 per month.

22. Plaintiff also received commissions in connection with his sales.

23. However, Plaintiff routinely worked for Defendants in excess of forty (40) hours within a workweek.

24. Defendants were aware that Plaintiff performed over forty hours of work for them in most workweeks, averaging between 45 and 50 hours per week, but made no effort to compensate Plaintiff for his hours over forty.

25. Defendants failed to properly compensate Plaintiff the proper rate of one and one-half times Plaintiff's regular rate for his hours over forty (40).

26. From approximately April 2018 and continuing through November 2020, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

27. In addition, in certain workweeks in April, May, and June, Defendant did not pay Plaintiff all of his guaranteed regular rate of pay.

28. Plaintiff worked overtime during these weeks.

29. Pursuant to the FLSA's implementing regulations, Plaintiff must be paid his full regular rate of pay, in addition to the overtime premiums owed thereupon, in order to receive his overtime compensation "free and clear" as required by the FLSA.

30. The FLSA also requires that Plaintiff's commissions be included in calculating his regular rate of pay, operating to increase the regular rate in periods in which commissions were earned.

31. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

32. Defendants have violated Title 29 U.S.C. §207 from at least April 2018 and

continuing through at least November 2020, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants;

    b. Defendants have failed to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA; and

    c. Upon information and belief, Defendants have failed to maintain proper time and pay records as mandated by the FLSA.

33. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew, or with reasonable diligence should have known, that Plaintiff is entitled to overtime compensation for his overtime hours, and made a conscious decision not to pay him for that time and not to pay overtime premiums for that time.

34. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff re-alleges paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36. From at least April 2018 and continuing through November 2020, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

37. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek for the period of three years preceding the date of the filing of the Complaint in this matter.

38. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

39. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known, such was, and is, due.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in a workweek, plus liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated: this 22nd day of January, 2021.

        Respectfully submitted,

        Angeli Murthy, Esq., B.C.S.
        Morgan & Morgan, P.A.
        8151 Peters Rd., 4th Floor
        Plantation, FL 33324
        Tel: 954-318-0268
        Fax: 954-327-3016
        E-mail: Amurthy@forthepeople.com

.